1

2

3                      UNITED STATES DISTRICT COURT

4                     NORTHERN DISTRICT OF CALIFORNIA

5

6    JENNIFER RARA,
                                          Case No.  16-cv-06376-PJH
7              Plaintiff,

8         v.                              **ORDER DENYING MOTION TO
                                          CONSOLIDATE AND SETTING
9    EXPERIAN INFORMATION                 HEARING DATE FOR MOTIONS TO
     SOLUTIONS, INC., et al.,             DISMISS**
10
               Defendants.                Re: Dkt. Nos. 14, 24
11

12

13        Before the court is defendant Experian Information Solutions, Inc.'s motion to

14   consolidate cases, joined by defendant Equifax, Inc.  Dkt. 14.  The matter is fully briefed

15   and suitable for decision without oral argument.  Accordingly, the hearing set for February

16   15, 2017 is VACATED.  Having read the parties' papers and carefully considered their

17   arguments and the relevant legal authority, and good cause appearing, the court hereby

18   DENIES the motion to consolidate.

19        Federal Rule of Civil Procedure 42(a) permits the court to consolidate cases that

20   "involve a common question of law or fact."  Fed. R. Civ. Pro. 42(a).  The district court

21   has "broad discretion under this rule to consolidate cases" before it.  Investors Research

22   Co. v. U.S. District Court for C.D. Cal., 877 F.2d 777, 777 (9th Cir. 1989).  "In determining

23   whether or not to consolidate cases, the Court should weigh the interest of judicial

24   convenience against the potential for delay, confusion and prejudice."  Zhu v. UCBH

25   Holdings, Inc., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quotation omitted).

26        Experian asks the court to consolidate 171 cases assigned to a number of

27   different judges in this district.  However, neither Rule 42 nor the Local Rules

28   contemplate reassignment of cases by one judge to another judge, unless the cases are

1   found to be related under Local Rule 3-12.  While these cases may share a common

2   legal theory, they do not appear to be related under Local Rule 3-12(c).  Each case

3   involves a different plaintiff and the allegedly inaccurate reporting of different accounts.

4   Moreover, assigning all 171 cases to a single judge would result in substantial delay and

5   inconvenience, outweighing any efficiency gains from consolidation.

6          As to the cases assigned to the undersigned judge, the court finds that formal

7   consolidation is inappropriate under the circumstances.  Should these cases make it past

8   the pleading stage, much of the discovery and many of the factual issues will be

9   individualized.  For example, showing that the reporting of each plaintiff's debts was

10  inaccurate in light of a confirmed Chapter 13 plan, and the resulting damages, if any, will

11  likely require plaintiff-specific proof.

12         As to Experian's alternative request to refer the matter to the Executive

13  Committee, there is no rule permitting a party to refer a matter to or to receive a ruling

14  from the court's Executive Committee, which acts on case assignments only when it

15  determines to do so.  Thus the request is DENIED.

16         However, the court does find that some coordination of the cases assigned to the

17  undersigned is appropriate.  In particular, the court orders that all the pending motions to

18  dismiss the actions shall be heard on the same date.  Accordingly, the hearing date for

19  Equifax's motion to dismiss (Dkt. 24) is hereby reset to March 1, 2017, at 9:00 a.m., in

20  Courtroom 3, 1301 Clay Street, Oakland, California.

21         **IT IS SO ORDERED.**

22  Dated:  January 20, 2017

23

24  _____

25  PHYLLIS J. HAMILTON
    United States District Judge

26

27

28

United States District Court
Northern District of California

2